## Case No. 11,770.

### In re RICHARDS.

[17 N. B. R. 562;[1] 10 Chi. Leg. News, 275.]

District Court, D. Massachusetts. April 17, 1878.

BANKRUPTCY—PROOF OF DEBT—WIFE AS CREDITOR.

A creditor, though the wife of the bankrupt, is a competent witness.

In bankruptcy.

B. L. M. Tower, for Mrs. Richards.
R. D. Smith, for assignee.

LOWELL, District Judge. Petition for proof of a debt by a wife against her husband's estate. The husband conveyed to his wife some property in Pemberton Square in 1869. A number of years after, he went into bankruptcy, and his wife sought to prove a claim against his estate for the income of the property as her separate income. A decision has been rendered in favor of the petitioner. In his opinion, the judge says an interesting question of evidence arises as preliminary to the decision of the merits. A statute of the United States declares that no witness shall be excluded in any civil action because he is a party or interested in the issue to be tried, with certain exceptions, and that in all other respects the laws of the state in which the court is held shall be the rules of decision as to the competency of witnesses in the courts of the United States in trials at common law, in equity and admiralty. Rev. St. § 858. Under the last clause it has been held that a party to the action may be compelled to testify as a witness for the other party when the state laws so provide. In bankruptcy the creditor has always been a witness in his own case, to a greater or less extent, and in our practice, to all intents and purposes, I am of opinion that in bankruptcy a creditor, though a wife of the bankrupt, is a competent witness. The case is free from any indicia of fraud. The husband's separate property was very large, and his solvency undoubted when the deed to his wife was made. His business was somewhat fluctuating, but on the whole appeared to be prosperous, and so late as 1873 his share of the profits for the preceding year was $95,000. Upon the evidence I think it was the agreement of the parties from and after June, 1870, and not before, the separate income should remain her property, but I do not find those circumstances which would authorize me to add interest upon these items. The debt is admitted to proof for $20,300.

[1] [Reprinted from 17 N. B. R. 562, by permission.]